# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| EDDIE J. ARRINGTON, | ) |
| Plaintiff, | ) ) ) |
| v. | )  Case No. 1:16-cv-00148-RL-SLC |
| CITY OF FORT WAYNE, *Mayor Henry*, *et al.*, | ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is a motion for change of venue filed by pro se Plaintiff Eddie J. Arrington on November 1, 2016. (DE 37). For the following reasons, Arrington's motion will be DENIED.

As background, Arrington filed this case in Allen Superior Court on March 10, 2016, advancing certain constitutional claims and a state law theft claim against Defendants the City of Fort Wayne; John Caywood, a neighborhood code officer; Kelly Towing; and Lunz Excavation. (DE 4). Defendants removed the case here. (DE 3). The Court held a preliminary pretrial conference on June 14, 2016, setting a discovery deadline of December 31, 2016. (DE 18).

Arrington filed the instant motion to change venue on November 1, 2016, with the close of discovery fast approaching. In the motion, Arrington cursorily asserts that the Court should transfer this case to "a venue other than Allen County" because "justice would be better served in a venue other than Allen County" in that "[y]ou don't bite the hand that feeds you." (DE 37).

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division

where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "The statute permits a 'flexible and individualized analysis' and affords district courts the opportunity to look beyond a narrow or rigid set of considerations in their determinations." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). The party moving for the transfer bears "the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986) (citations omitted).

Here, Arrington argues that the case should be transferred based on the interest of justice. The interest of justice, however, concerns factors such as "trying related litigation together, ensuring a speedy trial, and having the trial before a judge who is familiar with the applicable law," *Jaramillo v. DineEquity, Inc.*, 664 F. Supp. 2d 908, 915 (N.D. Ill. 2009) (citing *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989); *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp. 2d 958, 960 (N.D. Ill. 2000)), none of which Arrington addresses in his motion. Nor did Arrington even propose a transferee court; as such, the Court cannot evaluate whether venue would be proper in the transferee forum. In any event, it is difficult to hypothesize how any other forum could conceivably be more convenient when (1) the incident giving rise to the action occurred in Fort Wayne; (2) all of the parties are located in Fort Wayne; and (3) it is likely that any witnesses would also reside in Fort Wayne. (*See* DE 4).

For these reasons, Arrington fails to carry his burden of establishing that a transferee

forum is more convenient. Therefore, Arrington's motion for a change of venue (DE 37) is DENIED.

SO ORDERED.

Entered this 2nd day of December 2016.

/s/ Susan Collins
Susan Collins,
United States Magistrate Judge